(88 South. 229)

No. 24466.

**SHUSHAN v. MALONEY et al.**

**In re MALONEY et al.**

(Feb. 28, 1921.   Rehearing Denied April 4, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Costs ⬤ 134—Filing of new bond for costs not admission original bond was invalid.**

Plaintiff, by filing a new bond for costs in partition suit, did not acknowledge that his original bond was invalid.

**2. Costs ⬤ 134—Statute limiting time for filing new cost bond not applicable where original bond valid.**

Act No. 112 of 1916, § 3, limiting time for filing new cost bond to two days after service of notice of complaint, has no application to a case where there is no showing that a new or supplemental or additional bond for costs was necessary because of insufficiency of the original bond, but where plaintiff presumably filed a new bond to avoid any further dispute about the sufficiency of the original bond and to avoid the consequent delay.

**3. Costs ⬤ 136—Objection to cost bond waived by answer.**

Defendants' application to the Supreme Court and to the Court of Appeal for exercise of supervisory jurisdiction in the matter of claimed insufficiency of plaintiff's bond for costs came too late after defendants had filed their answer and put the case at issue upon its merits.

On Application for Rehearing.

**4. Costs ⬤ 134—Abandonment of original bond for costs not acknowledgment that surety was not competent.**

Where, when motion to dismiss partition suit for insufficiency of plaintiff's bond for costs was called for trial, plaintiff's counsel announced that he had abandoned the bond for costs and had already filed a new bond with another surety, such abandonment of the original bond was not an acknowledgment that the surety was not competent, and the trial court ruled correctly in refusing to dismiss the suit merely because the second bond for costs was not filed within the two days mentioned in Act No. 112 of 1916, § 3.

Suit by A. B. Shushan against Paul W. Maloney and others, in which defendants applied to the Court of Appeal for writs of certiorari and mandamus to compel dismissal of the suit on the ground that plaintiff's bond for costs was filed too late, and, on being denied the writs, petition for writs of certiorari and review to reverse the rulings of the Court of Appeal and for writs of certiorari and mandamus to compel the trial court to dismiss the suit.  Relief denied.

Paul W. Maloney, of New Orleans, for relators.

O'NIELL, J.   Relators are defendants in a partition suit in which A. B. Shushan is plaintiff, now pending in the civil district court.  Before pleading to the petition defendants filed a rule to compel plaintiff to furnish a bond for costs.  Plaintiff furnished the bond, after which defendants filed a rule to show cause why the suit should not be dismissed on the ground that the surety on the bond was not competent.  The objection was not that the surety was not qualified financially, but that he was incompetent because of an interest which he was supposed to have in the suit.  When the rule came up for trial, the defendants in the case, plaintiffs in the rule, were not present in court, nor was their attorney present.  The rule was regularly tried, and, on proof that the surety was qualified, the rule was dismissed.  Defendants, plaintiffs in the rule, moved for a new trial of the rule, which motion was regularly fixed for trial.  Thereafter, before the motion was tried, defendants moved to transfer the case to the United States District Court, and all proceedings were stayed in the state court until the decree of the federal court declining jurisdiction was filed in the state court.  Thereafter defendants' motion for a new trial of the rule to dismiss plaintiff's suit was fixed for trial.  In the

meantime, however, plaintiff had furnished an additional bond for costs with another surety. Thereafter defendants filed another motion to dismiss the suit, on the ground that the new bond was filed too late; that is, that it was filed after the expiration of the two days allowed by section 3 of Act 112 of 1916. The court overruled the motion to dismiss the suit; whereupon defendants reserved a bill of exception, and filed an answer to the suit, putting it at issue upon its merits; and the case was regularly fixed for trial. Thereafter, defendants applied to the Court of Appeal for the parish of Orleans for writs of certiorari and mandamus to compel the civil district court to dismiss the suit, on the ground that the additional bond for costs filed by plaintiff was filed too late. The Court of Appeal declined to issue the writs. The case is before us on a petition for writs of certiorari and review to reverse the ruling of the Court of Appeal and for writs of certiorari and mandamus to compel the civil district court to dismiss the suit.

[1-3] Relators contend that, by the filing of the new bond for costs, the plaintiff in the original suit acknowledged that his original bond was invalid. We do not concur in that opinion. It may be, and perhaps is, true that the plaintiff's object and purpose in filing the new or additional bond for costs was merely to avoid any further dispute about the sufficiency of the original bond and to avoid the consequent delay. By the terms of section 3 of Act 112 of 1916, when any party at interest challenges the sufficiency or legality of a bond in a judicial proceeding, the party who has furnished the bond has the right to furnish a new or supplemental or additional bond, within two days after service of notice of the complaint, excluding Sundays, legal holidays, and half-holidays. This provision of the law has no application to the case before us, because there is no proof here that the new or supplemental or additional bond for costs was at all necessary. The ruling of the district court was that the original bond was sufficient; and there is nothing in the record to cause us to doubt the correctness of the ruling. Be that as it may, relators' application to the Court of Appeal and to this court for the exercise of supervisory jurisdiction in the matter came too late after the relators had filed their answer to the suit in the district court and had put the case at issue upon its merits.

The relief prayed for is denied at relators' costs.

### On Application for Rehearing.

PER CURIAM. [4] The record in this case has been sent up from the civil district court since our decree was handed down. It discloses an error in the statement of the case, as made from the return of the respondent judge, in this respect: When the original motion to dismiss the suit was called for trial, counsel for plaintiff announced that he had abandoned the bond for costs and had already filed a new bond with another surety. This amendment in the statement of the case does not warrant our granting a rehearing. The abandonment of the original bond for costs was not an acknowledgment that the surety was not competent. The purpose might have been, and very likely was, to avoid further argument and delay and at the same time give defendants all that they were entitled to; that is, a valid and sufficient bond for costs. Under these circumstances, the civil district court ruled correctly in refusing to dismiss the suit merely because the second bond for costs was not filed within the two days mentioned in section 3 of Act 112 of 1916. Rehearing denied.